UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES D. TIGART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09CV0030 SNLJ |
| ) | |
| DOUG FRIEND, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

This matter is before the Court on defendants' motion to dismiss (#15) filed December 17, 2009. Defendants seek dismissal of both counts for failure to state a claim upon which relief can be granted. Responsive pleadings have been filed, and this matter is ripe for disposition.

**I. Statement of the Case**

Plaintiff resides in Sikeston, Missouri and was employed at will by the defendant City of Sikeston, Missouri. Defendant Doug Friend is the acting city manager for the City of Sikeston, Missouri. On September 17, 2008, plaintiff was suspended from duty with pay pending an internal investigation. Later that same day, defendant Doug Friend discharged plaintiff without cause even though plaintiff "provided court documents to prove there was no wrongdoing on his part."

Plaintiff filed this two count action in Missouri court, and it was removed to this Court on March 20, 2009. In plaintiff's response to defendants' motion to dismiss, he conceded that Count II should be dismissed. Thus, this Court need only rule on Count I.

**II. Legal Standard of Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id.; 127 U.S. at 1974. A complaint must set forth factual allegations that are enough to "raise a right to relief above the speculative level." Id.; 127 U.S. at 1974.

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts--not mere conclusions--that, if true, would support the existence of the claimed torts." Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it

merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim so that the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to prove one or more claims to the satisfaction of the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n. 8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.") With this plausibility standard in mind, the Court turns to an examination of the plaintiff's complaint.

### III. Discussion

Plaintiff alleges in Count I that he was "not equally treated under the law or provided due process afforded him by both the Missouri and the United States Constitutions and other fundamental rights," and seeks relief pursuant to 42 U.S.C. §1983. Plaintiff further alleges that defendants' conduct in discharging plaintiff violates public policy. It should be noted that plaintiff does not allege what public policy is violated as a result of his termination, nor does he allege that he was employed pursuant to an employment contract. Plaintiff does not allege that defendants discriminated against him on the basis of race, color, national origin, religion, sex, age or disability, in violation of federal laws prohibiting job discrimination. Moreover, plaintiff does not allege that he was fired or retaliated against as a result of any activity he took as a "whistleblower," nor does he allege that any exception to the employment at-will doctrine applies.

As an at-will employee, plaintiff may be terminated without cause for any reason unless he otherwise falls within the protective reach of a contrary statutory provision. *Dake v. Tuell*, 687 S.W.2d 191, 193 (Mo. banc 1985). "[U]nless there is a contrary statutory provision upon which to base his claim, an at-will employee must set forth in his petition for wrongful discharge the essential elements of a valid contract, and a discharge in violation thereof." *Id*. at 193.

At-will employees are afforded very little protection from discharge except in a very few narrow circumstances. As stated above, plaintiff has not alleged a violation of public policy or federal discrimination laws, nor has he even alleged the existence of an employment contract. Absent the applicability of any of these legal protections, the defendants had every right to discharge plaintiff without cause as an at-will employee.

Plaintiff cites *Engquist v. Oregon Dept. of Agriculture*, 128 S.Ct. 2146 (2008), to suggest that he has a "protected property right," in his employment and that "lack of due process or unequal treatment would allow relief under Section 1983." It is unclear what support plaintiff hoped to muster by citing to *Engquist*, but the Supreme Court made clear in that case that a "class of one" equal protection claim is not a cognizable claim in the public employment context, and that "allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that . . . state officials are entrusted to exercise." *Id*. at 2154. Despite his citation to *Engquist*, plaintiff has not stated a claim upon which relief can be granted, and therefore Count I shall be dismissed.

**IV. Conclusion**

Count I shall be dismissed for failure to state a claim upon which relief can be granted, and Count II shall be dismissed on plaintiff's own admission.

Dated this   5th   day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE